## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ANDREAS LANGER**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | |
| **DOLLAR TREE DISTRIBUTION, INC.,** | § | **EP-23-CV-00189-DCG** |
| **DOLLAR TREE STORES, INC., and** | § | |
| **AWESOME PRODUCTS, INC.,** *a/k/a* | § | |
| *LA's Totally Awesome Products*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Andreas Langer has moved to remand this case to state court.  Mot., ECF No. 6;

Reply, ECF No. 12.  Defendants Dollar Tree Distribution, Inc.; Dollar Tree Stores, Inc.

(collectively, "Dollar Tree"); and Awesome Products, Inc.[1] oppose the Motion.  Dollar Tree

Resp., ECF No. 11; Awesome Prods. Resp., ECF No. 9.  The Court **DENIES** Plaintiff's Motion

and **ORDERS** Dollar Tree to **AMEND** its Removal Notice to cure the jurisdictional defects the

Court identifies in this Memorandum Opinion and Order.

### I.    BACKGROUND

On March 29, 2023, Plaintiff sued Dollar Tree and Awesome Products for negligence in

the 384th Judicial District Court of El Paso County, Texas.  Original Pet., ECF No. 4-2, at 1–7.[2]

That same day, Plaintiff asked the El Paso District Clerk's Office to issue a citation—which is

---

[1] *a/k/a LA's Totally Awesome Products*.

[2] Page citations in this Memorandum Opinion and Order refer to page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

Texas's equivalent to a federal court summons[3]—for each of the three Defendants.  Citation

Request, ECF No. 4-1, at 1.  A process server served Dollar Tree through its registered agent on

April 6, 2023.  Dollar Tree Return Notices, ECF Nos. 4-3, 4-5.  That same day, a process server

provided copies of Plaintiff's Original Petition and summons to the Texas Secretary of State—

acting as Awesome Products's agent for service of process—for the Secretary of State to mail to

Awesome Products.  *See* Awesome Prods. Return Notice, ECF No. 4-4.

On May 1, 2023, Dollar Tree filed its answer in state court.  Dollar Tree Answer, ECF

No. 4-6, at 3–4.  At that time, the state court record contained no indication that Awesome

Products had received notice of the lawsuit.  *Id.*  When Dollar Tree filed an amended answer in

state court four days later, the docket still contained no indication that Awesome Products had

received notice of the lawsuit.  *See* Dollar Tree Am. Answer, ECF No. 4-8, at 5–6.

On May 8, 2023, invoking federal diversity jurisdiction, Dollar Tree timely removed this

case.[4]  Removal Notice, ECF No. 1, at 1, 4; *see also* 28 U.S.C. §§ 1332, 1441, 1446.  Awesome

Products did not sign—or otherwise provide indication that it agreed to—Dollar Tree's removal.

 The Texas Secretary of State's "Service of Process Search" website shows that—also on

May 8, 2023—the Texas Secretary of State mailed process to Awesome Products.  *See* Tex.

Serv. Process Search Results, Reply Ex. 1, ECF No. 12, at 9; *see also* USPS Tracking,

---

[3] *See, e.g.*, *Sutton Place 1 Townhouse v. AmGuard Ins. Co.*, --- F. Supp. 3d ----, ----, 2023 WL 2874448, at *2 (W.D. Tex. Apr. 10, 2023) (Guaderrama, J.); *Myers v. Frontier PMS*, No. 4:21-cv-436, 2021 WL 6274566, at *1 n.2 (E.D. Tex. Nov. 29, 2021), *report and recommendation adopted by* 2022 WL 36532 (E.D. Tex. Jan. 3, 2022) (explaining that a "citation" is "the Texas state court equivalent to a federal summons").

[4] Dollar Tree's removal was timely.  Relevant here, a defendant removing a state court action must file a removal notice "within 30 days after [its] receipt . . . of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b).  Plaintiff served Dollar Tree with process on April 6, 2023.  *See* Removal Notice, ECF No. 1, at 3.  Thirty days after April 6, 2023 is May 6, 2023, which is a Saturday.  Because Dollar Tree's removal deadline was on a Saturday, Dollar Tree's true removal deadline expired on Monday, May 8, 2023—the day Dollar Tree filed a removal notice.  *See* FED. R. CIV. P. 6(a)(1)(C); *see also* Removal Notice.  No party disputes this.

https://tools.usps.com/go/TrackConfirmAction_input (last visited July 25, 2023) (Tracking No. 71901046470101545555) (noting "pre-shipment info sent to USPS" and "acceptance at USPS origin facility" on May 8, 2023). Finally, on July 13, 2023, the Texas Secretary of State issued a certificate on the state court docket notifying the parties that it mailed service of process to Awesome Products on May 8, 2023. Tex. Sec'y State Serv. Certificate, ECF No. 13-1.

On June 7, 2023, Plaintiff moved to remand this case, arguing that Dollar Tree's removal is procedurally defective because Awesome Products did not join in or consent to removal and because Dollar Tree failed to explain why Awesome Products did not do so. Mot. at 1–7.

## II.    DISCUSSION

Subject to various exceptions, a defendant can remove a state court civil action to a federal district court so long as that federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There are, however, several other removal prerequisites, not all of which are jurisdictional. *See, e.g.*, *id.* § 1446; *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992). For example, the requirement that all defendants join in or consent to removal is non-jurisdictional. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). Nevertheless, because the Court must independently assure itself that it has jurisdiction, *e.g.*, *Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020), it will begin by addressing jurisdictional defects before turning to Plaintiff's argument that Dollar Tree's Removal Notice is procedurally defective.

In a removal case, the removing party—here, Dollar Tree—"bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

## A.  The Court's Jurisdiction

Federal jurisdiction is constitutionally and statutorily limited.  *See, e.g.*, *Zummer v. Sallet*, 37 F.4th 996, 1010 (5th Cir. 2022).  A federal court "must presume that a suit lies outside [its] limited jurisdiction" unless "the party seeking the federal forum" establishes that the court may exercise subject-matter jurisdiction over the case.  *E.g.*, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

One way for a federal court to have subject-matter jurisdiction is for it to have diversity jurisdiction.  *See, e.g.*, 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Diversity jurisdiction allows a federal court to hear state-law claims, like those Plaintiff brought in this case, *see* Original Pet. 1–5, when "the matter in controversy exceeds . . . \$75,000" and the parties are completely diverse.[5]  *See, e.g.*, 28 U.S.C. § 1332(a); *Stiftung v. Plains Mktg., LP*, 603 F.3d 295, 297 (5th Cir. 2010).  Complete diversity exists when, for example, the controversy "is between . . . citizens of different States"—that is, when no plaintiff is a citizen of the same state as any defendant.  *See, e.g.*, 28 U.S.C. § 1332(a)(1); *Stiftung*, 603 F.3d at 297.  For diversity jurisdiction purposes, a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80, 93 (2010).

### 1.  *Dollar Tree's Jurisdictional Allegations*

Plaintiff named three corporate defendants in this case.  Original Pet. at 1–2.  Two are Dollar Tree entities.  *Id.*  In its removal notice, Dollar Tree alleges that both of its corporate defendant entities "are foreign corporations organized and existing under the laws of the

---

[5] No party disputes that the amount in controversy is greater than \$75,000, and the Court is independently satisfied the requirement is met.  *See* Original Pet. at 5 (seeking monetary relief "in an amount over \$1,000,000.00"); *id.* at 2, 4–5 (describing alleged injuries); Removal Notice at 4–5.

Commonwealth of Virginia."  Removal Notice at 4.  Dollar Tree also alleges that Awesome

Products "is a foreign corporation organized and exist[ing] under the laws of the State of

California."  *Id.*

Dollar Tree failed to adequately allege diversity jurisdiction.  "In cases involving

corporations, allegations of citizenship must set forth the state of incorporation *as well as the*

*principal place of business of each corporation*."  *Getty Oil*, 841 F.2d at 1259 (emphasis added).

Dollar Tree alleged nothing about the principal place of business of any of the corporate

defendants.[6]  *See generally* Removal Notice.  Because Dollar Tree did not allege where the

corporate defendants' principal places of business are, the Court is unsure whether it has

diversity jurisdiction.

Dollar Tree's failure to adequately allege diversity jurisdiction in its Removal Notice

does not, however, mean that the Court must remand the case.  On the contrary, the Court should

provide Dollar Tree with an opportunity to amend its jurisdictional allegations.  *E.g.*, 28 U.S.C.

§ 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or

appellate courts."); *Doe v. Blair*, 819 F.3d 64, 68–69 (4th Cir. 2016) (reversing district court for

*sua sponte* remanding for failure to properly allege diversity jurisdiction).[7]  Indeed, when a

removing defendant fails to properly allege citizenship of some or all the parties, courts routinely

provide the removing defendant an opportunity to cure its deficient jurisdictional allegations.

---

[6] Though it is not Plaintiff's burden to adequately allege jurisdiction, it's worth noting—because the Court can look to the whole record when examining its jurisdiction—that Plaintiff also did not allege the principal place of business of any of the corporate defendants in its Original Petition.  *See* Original Pet. at 1–2.  And though Plaintiff did allege Awesome Products's CEO's location, *see id.* at 2, that falls short of the requirement to "*distinctly* and *affirmatively* allege" Awesome Products's citizenship, let alone Dollar Tree's.  *Cf. Getty Oil*, 841 F.2d at 1259; *Hertz*, 559 U.S. at 92–93.  That's because a corporation's principle place of business is typically "its main headquarters," which may or may not be where the CEO is located.  *See Hertz*, 559 U.S. at 93, 95.

[7] For a discussion on a court's authority to allow parties to amend jurisdictional allegations under 28 U.S.C. § 1653, see *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887–89 (5th Cir. 2000).

*See, e.g.*, *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146–47 (5th Cir. 1979) (affirming district court's decision to allow defendant to amend its removal notice to allege citizenship of corporate parties); *Lastra v. PHH Mortg. Corp.*, No. 10cv2573-LAB (BLM), 2011 WL 768135, at *1 (S.D. Cal. Feb. 28, 2011) (granting leave to amend removal notice to allege defendant's principal place of business).  This Court will do the same.

As the Court will explain, remand in this case is currently improper.  But before continuing to the merits, the Court must be sure that it has jurisdiction.  Dollar Tree must amend its Removal Notice to allege the citizenship of each corporate defendant.  *See Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 919–22 (W.D. Tex. 2005) (denying motion to remand and allowing defendant to amend notice of removal to cure defects in jurisdictional allegations).

### 2. *Plaintiff's Jurisdictional Allegations*

In his Original Petition, Plaintiff says he "is a resident of El Paso, Texas."  Original Pet. at 1.  But residency and citizenship are different concepts, and it's a party's citizenship that matters for diversity jurisdiction purposes.  *E.g.*, *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).  "Citizenship requires not only 'residence in fact' but also 'the purpose to make the place of residence one's home.'"  *Id.* (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)).  "Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship."  *Id.* (quotation omitted).  Because Plaintiff only alleges his residence, this Court unsure whether Plaintiff is a citizen of Texas and thus is unsure whether it has diversity jurisdiction.

The Court will require Plaintiff to replead in accordance with the Federal Rules of Civil Procedure.  *See* Standing Order Replead Removal Cases, ECF No. 5; *infra* at 22.  Plaintiff must address its deficient jurisdictional allegations in its repleading.  If the Plaintiff fails to do so, the

Court may hold an evidentiary hearing on the question of the parties' citizenship and whether the parties are completely diverse. *See, e.g.*, *Donegan v. Toro Co.*, EP-22-CV-00332-DCG, 2022 WL 17365275, at *4 (W.D. Tex. Nov. 30, 2022) (Guaderrama, J.).

## B.  Whether Removal Was Proper

The procedures for removal are set out in 28 U.S.C. § 1446.  *See* 28 U.S.C. § 1446.  "A defendant or defendants desiring to remove any civil action from a State court" must file with the appropriate federal district court "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  *Id.* § 1446(a).  With exceptions not relevant here, a defendant must file any such removal notice "within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  *Id.* § 1446(b)(1).

When, as here, "a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A) (emphasis added).  Section 1446(b)(2)(A) is often called the rule of unanimity.  *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil*, 841 F.2d at 1262 n.11).  While not jurisdictional, *Johnson*, 892 F.2d at 423, the rule of unanimity is a procedural requirement; the failure to follow it is grounds for remand.[8]  But "[b]y its terms, [the rule of unanimity] does not impose any requirements on defendants who were not properly served" at the time of removal.  *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) (per

---

[8] *See, e.g.*, 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Ramon v. WHC, LLC*, MO:18-CV-00178-DC, 2019 WL 13194609, at *2 (W.D. Tex. May 24, 2019).

curiam);[9] *see also* 28 U.S.C. § 1446(b)(2)(A) (requiring joinder in or consent to removal by defendants "who have been properly joined and served").

### 1.   *Whether Awesome Products Needed to Join in or Consent to Removal*

Plaintiff urges the Court to remand this case because, he argues, Awesome Products was required to join in or consent to removal but failed to do so.  Mot. at 3–5; Reply at 2–6.  Dollar Tree contends that Awesome Products had not been served (properly or otherwise) with process when Dollar Tree removed this case, so Awesome Products was never required to join in or consent to removal.  Dollar Tree Resp. at 2–4.

Whether Plaintiff's rule-of-unanimity challenge succeeds depends on whether he "properly served" Awesome Products before Dollar Tree removed the case.  If he hadn't, then the removal "did not violate [the rule of unanimity] even though" Awesome Products did not join or consent to it.  *Shakouri*, 923 F.3d at 410.  But if he had, then the Court must remand the case because Awesome Products did not timely join in or consent to removal as § 1446(b)(2)(A) requires.  *See id.*

State law governs whether and when Plaintiff validly served Awesome Products with process.  *Id.*  Specifically, Texas state law applies here because it defines "service of process" for this Court located in Texas.  *See* FED. R. CIV. P. 4(e)(1) & 4(h)(1)(A); *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005).  Under Texas law,

> The secretary of state is an agent for service of process on a nonresident who engages in business in [Texas], but does not maintain a regular place of business in

---

[9] *See also Gillis*, 294 F.3d at 759 ("[I]n order to comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period."); *cf. Perez v. L-3 Commc'ns Corp.*, No. EP-06-CA-22-PRM, 2006 WL 1788182, at *2 (W.D. Tex. June 26, 2006) ("The time period for removal commences only after a defendant has been formally served." (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999))).

[Texas] or a designated agent for service of process, in any proceeding that rises out of the business done in this state and to which the nonresident is a party.[10]

TEX. CIV. PRAC. & REMEDIES CODE § 17.044(b).  Once the Secretary of State receives process for a nonresident defendant, the Secretary of State must mail a copy of that process to that nonresident defendant.  *See* TEX. CIV. PRAC. & REMEDIES CODE § 17.045.  Only once the Secretary of State mails the process does service become effective.  *See, e.g.*, *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973); *Buffalo Pats., LLC v. ZTE Corp.*, 605 F. Supp. 3d 917, 925–96 (W.D. Tex. 2022).[11]

Texas state courts require proof in the record that the Secretary of State has mailed process to the nonresident defendant.  *See, e.g.*, *Whitney*, 500 S.W.2d at 96 ("[T]he fact of service . . . must be shown by proof appearing in the record.").  Without such proof—which is often called a "*Whitney* certificate"[12]—Texas state courts can't exercise personal jurisdiction over the nonresident defendant.  *See, e.g.*, *id.*  Put plainly, if there is no *Whitney* certificate on the docket, Texas state courts lack jurisdiction over the nonresident defendant.  *U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Mortg. Prod., Inc., Mortg. Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss*, 644 S.W.3d 130, 132 n.2 (Tex. 2022) ("[T]he record before the trial court must contain a certificate from the Secretary showing that it forwarded a copy of the citation to the defendant.  Without that showing, the trial court [does] not have

---

[10] In his Original Petition, Plaintiff alleged that Awesome Products is an out-of-state business that could be served via the Texas Secretary of State.  *See* Original Pet. at 2.  Accordingly, Plaintiff initiated service of process through the Secretary of State.  *See* Awesome Prods. Return Notice at 1–2.

[11] *See also Brown v. Minnaar*, No. 2:23-CV-00002-Z-BR, 2023 WL 4188287, at *3 (N.D. Tex. May 22, 2023), *report and recommendation adopted*, No. 2:23-CV-002-Z-BR, 2023 WL 4186367 (N.D. Tex. June 26, 2023).

[12] A *Whitney* certificate is a letter from the Secretary of State notifying the parties that it has forwarded process to the nonresident defendant.  For an example, see *Whitney* Certificate, *Brown v. Minnaar*, No. 2:23-CV-00002-Z-BR, ECF No. 1-3, at 5 (N.D. Tex. Jan. 4, 2023).

jurisdiction over the defendant.").[13]  In service of process terms, "service [is] ineffective [when] the record does not establish that [process] was forwarded" to the nonresident defendant.  *Carjan Corp. v. Sonner*, 765 S.W.2d 553, 555 (Tex. App.—San Antonio 1989); *see also Healey v. Healey*, No. 12-15-00047-CV, 2016 WL 4098750, at *1–2 (Tex. App.—Tyler July 29, 2016).

Here, there was no *Whitney* certificate on the docket when Dollar Tree removed this case. *See generally* Removal Notice at 1–7; Removal Notice Exhibits, ECF Nos. 4–4-8.  In fact, the Secretary of State did not issue a *Whitney* certificate until July 13, 2023.  *See* Tex. Sec'y State Serv. Certificate.  That means, under Texas law, Awesome Products had not been served with process when Dollar Tree removed this case.  *See, e.g.*, *Carjan Corp.*, 765 S.W.2d at 555.  And under the federal removal statutes, Awesome Products had not been "properly . . . served," 28 U.S.C. § 1446(b)(2)(A), and thus was not required to join in or consent to Dollar Tree's removal, *see, e.g.*, *Shakouri*, 923 F.3d at 410.[14]

Plaintiff resists that conclusion.  He points out that the Secretary of State mailed process to Awesome Products on May 8, 2023—the same day Dollar Tree removed this case.  *Compare*

---

[13] *See also, e.g.*, *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986) ("Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute."); *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 111–12 (Tex. App.—El Paso 2021) (similar); *El Paisano Nw. Highway, Inc. v. Arzate*, No. 05-12-01457-CV, 2014 WL 1477701, at *4 (Tex. App.—Dallas Apr. 14, 2014) (similar); *WTW Ams., Inc. v. Sys. Integration, Inc.*, 221 S.W.3d 744, 746 (Tex. App.—Waco 2007) (similar); *Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*, 561 F. Supp. 3d 710, 715 (N.D. Tex. 2021) ("After forwarding the process, the [Secretary of State] issues a certificate of service, which conclusively establishes that process was served.").

[14] Some courts have posited that "[u]nder federal law, . . . service on the Secretary of State is insufficient to commence the time period for removal under 28 U.S.C. § 1446." *Fid. Funding, Inc. v. Pollution Rsch. & Control Corp.*, No. Civ.A.3:98-CV-1691-P, 1999 WL 20955 (N.D. Tex. 1999) (citing *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1988)); *see also Microtune, Inc. v. Big Shine Worldwide, Inc., N*o. CIV.A.3:03-CV-726-K, 2004 WL 414901, at *2 (N.D. Tex. Feb. 11, 2004).  Those courts have accordingly held that a defendant is not formally served until the nonresident defendant receives process.  *See, e.g.*, *Microtune*, 2004 WL 414901, at *2.  No party in this case raised this issue, so this Court will not address it.

Tex. Serv. Process Search Results at 9, *with* Removal Notice.  While the Court has no reason to doubt that's true, Plaintiff offers what looks like a screenshot of a "Service of Process Search" database hosted by the Texas Secretary of State.  *See* Tex. Serv. Process Search Results at 9. That is not a formal *Whitney* certificate appearing in the state court record.  *Compare id.*, *with Whitney* Certificate, *Brown*, No. 2:23-CV-002-Z-BR, ECF No. 1-3, at 5, *and* Tex. Sec'y State Serv. Certificate.  Only a formal *Whitney* certificate establishes service of process on a nonresident defendant.[15]

This Court does not stand alone in requiring a *Whitney* certificate.  At least two federal district courts have concluded that a nonresident defendant had not been properly served under § 1446(b) on the removal date because the state court docket didn't contain a *Whitney* certificate for that defendant.  *Ziegler v. Subalipack (M) SDN BHD*, No. CV 16-2598, 2017 WL 2671148, at *2–3 (S.D. Tex. June 21, 2017) (holding that removal not procedurally defective and that non-removing defendant's consent was not required because record did not contain *Whitney* certificate); *Thompson v. Deutsche Bank Nat'l Tr. Co.*, No. 4:13-CV-035-Y, 2013 WL 12137755, at *2 (N.D. Tex. June 19, 2013), *aff'd sub nom. Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298 (5th Cir. 2014).  And at least one other district court has required a *Whitney* certificate to establish proper service of process when a defendant challenged the validity of

---

[15] *See supra* notes 11–13 and accompanying text.

Plaintiff also argues that Awesome Products admitted it was served on April 6, 2023.  Reply at 3–4.  In its Response, Awesome Products did state: "Plaintiff served Awesome Products through the Texas Secretary of State on April 6, 2023."  Awesome Prods. Resp. at 1.  Awesome Products cited Plaintiff's exhibit showing that Plaintiff had served process on the Secretary of State.  *Id.* (citing Awesome Prods. Return Notice at 1–2).  That document, however, does not establish that the Secretary of State had mailed process to Awesome Products on April 6, 2023.  The Court is thus reluctant to conclude that Awesome Products admitted to being "properly served" under § 1446(b) on April 6, 2023.  In fact, the Court will not do so because Awesome Products joined Dollar Tree's opposition to the motion to remand, *see* Awesome Prods. Resp. at 2, in which Dollar Tree argues that Awesome Products had not been served at the time of removal, *see* Dollar Tree Resp. at 3–4.

process and service of process by a motion to dismiss under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), respectively. *Salzgitter Mannesmann Int'l (USA) Inc. v. Alexander Steel Sales, Inc.*, No. 4:10-CV-4900, 2011 WL 1843009, at *2 (S.D. Tex. May 16, 2011).

Assume, for argument's sake, that Plaintiff's proffered proof that the Secretary of State mailed process to Awesome Products on May 8, 2023 sufficed to establish that Plaintiff had properly served Awesome Products on that date.  Even then, the Court would conclude that Awesome Products was not required to join in or consent to removal.  That's because the Secretary of State mailed process to Awesome Products on the same day Dollar Tree removed this case.  Same-day service of process and removal does not provide the removing defendant with "reasonable time to become aware" that the non-removing defendant had been served.[16] *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573–74 (W.D. Tex. 1992) (holding that removing defendant did not need to obtain consent of non-removing defendant even though the non-removing defendant had been served with process three hours before the removing defendant filed a notice of removal); *see also Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 314–15 (N.D. Ill. 1993) (explaining that "[e]ven if [the non-removing defendant] were, strictly speaking, served before" the removing defendant on the same day the removing defendant filed its removal notice, "[the non-removing defendant] could not be expected to formally consent or join in on such short notice").[17]

---

[16] This is particularly true when, as here, the removing defendant had no formal indication that the Secretary of State mailed service of process to the non-removing defendant on the day of removal because the Secretary of State did not issue the *Whitney* certificate until much later.

[17] *Cf. Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1087–89 (E.D. Cal. 2007) (removing defendant exercised reasonable diligence in attempt to determine whether co-defendant had been served, and although co-defendant had been served and proof of service was filed on same day as removal notice, co-defendant's consent to removal was not required).  *But see Doe v. McGuire*, 289 F. Supp. 3d 266, 270–71 (D. Mass. 2018) (explaining removing defendant had to exercise reasonable diligence in determining whether co-defendants had been served, and remanding because removing defendant did not exercise such diligence).

In sum, Awesome Products had not been properly served with process when Dollar Tree removed this case, so Awesome Products was not required to join in or consent to Dollar Tree's removal.  Even if Awesome Products had been properly served on May 8, 2023—which the Court does not hold and assumes only for the sake of argument—proper service occurred on the same day Dollar Tree removed this case, which did not provide Dollar Tree with a reasonable time to obtain Awesome Products's consent to removal.

### 2.  *Whether Dollar Tree Adequately Explained Awesome Products's Absence from the Removal Notice and Lack of Consent to Removal*

Plaintiff alternatively argues that the Court must remand this case because Dollar Tree failed to affirmatively explain why Awesome Products did not join in or consent to removal. Mot. at 6–7.  Dollar Tree disagrees, arguing that the requirement to affirmatively explain why a non-removing defendant did not join in or consent to removal applies only to defendants who have been properly joined and served at the time of removal.  *See* Dollar Tree Resp. at 4–5.

The parties' disagreement raises two related questions.  The first question is whether Dollar Tree was required to explain Awesome Products's lack of consent.  The second is, if Dollar Tree was required to so explain, what constitutes an adequate explanation and was Dollar Tree's explanation adequate.

Courts have not developed a consistent approach to answering these questions.  The answers depends on several competing principles, such as federalism concerns, federal statutory requirements, and the general command that courts liberally construe removal notices.  Because of the complex interplay between these competing principles, it helps to begin with the big picture.

Start with the federalism concerns.  Removal is a long-standing federal statutory right. *See, e.g.*, Judiciary Act of 1789, ch. 20, § 12, 1 Stat. 73, 79–80 ; *West v. Aurora City*, 73 U.S.

139, 141–42 (1867).  Removal divests state courts of jurisdiction over certain cases in favor of federal jurisdiction.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  Put another way, removal encroaches on "[t]he power reserved to the states under the Constitution to provide for the determination of controversies in their courts."  *Id.*  Courts thus approach with great care the question of whether Congress has provided for federal jurisdiction in removal cases.  *See id.*

To ensure a proper balance between the respect for state courts and right to removal, courts strictly construe the removal statutes, resolving all doubts as to the propriety of removal in favor of remand.[18, 19]  *See, e.g.*, *id.* at 108–09 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (quotation omitted)); *Port of Corpus Christi Auth. of Nueces Cnty., Tex. v. Port of Corpus Christi LP*, 57 F.4th 432, 438 (5th Cir. 2023) (explaining that removal under § 1441 "is strictly construed against removal, with all doubts resolved in favor of remand in recognition of the interests of comity with state court jurisdiction" (quotation omitted)).[20]

With the federalism concerns in mind, two statutory removal provisions apply here: 28 U.S.C. § 1446(a) and 1446(b)(2)(A).  Recall that § 1446(a) requires removing defendants to provide "a short and plain statement of the grounds for removal" in their removal notice.  *Id.*

---

[18] There are certain exceptions, but they are irrelevant here.  For example, "'federal officer removal' under 28 U.S.C. § 1442 is unlike other removal doctrines: it 'is not narrow or limited.'"  *Texas v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).

[19] The command to strictly construe the removal statutes in favor of remand is a "long-standing canon of statutory interpretation."  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *cf. also Biden v. Nebraska*, 143 S. Ct. 2355, 2376–77 (2023) (Barrett, J., concurring) ("Substantive canons are rules of construction that advance values external to a statute.").

[20] *See also, e.g.*, *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) ("[A]ny doubt as to the proprietary of removal should be resolved in favor of remand." (quotation omitted)).

§ 1446(a).  As already discussed, § 1446(b)(2)(A)—the rule of unanimity—requires "all defendants who have been properly joined and served" to "join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).  Succinctly, removing defendants who have been properly joined and served must provide a short and plain statement of the grounds for removal.  *See* § 1446(a), 1446(b)(2)(A).

Again, however, there are limited exceptions to the rule of unanimity.  Those exceptions are:

(1) where a defendant has not been properly joined or served with process at the time of removal;[21]

(2) where a defendant is a nominal party;[22] or

(3) where the removed claim is separate and independent under 28 U.S.C. § 1441(c).

*E.g.*, *Ok Yeon Cho v. District of Columbia*, 547 F. Supp. 2d 28, 30 (D.D.C. 2008).[23]  Defendants falling under one of the exceptions need not join in or consent to removal.

### a.  Explanation Requirement

Because of the exceptions to the rule of unanimity, there's a question of whether § 1446(a)'s requirement that a removing defendant provide "short and plain statement of the

---

[21] "A non-diverse party is improperly joined if the plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

[22] In a removal case, a nominal party is one for which "there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias v. Bexas Cnty. Bd. Trs. Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (cleaned up).

[23] *See also, e.g.*, *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201–02 (E.D.N.Y. 2007) (similar); *Esposito v. Home Depot, U.S.A., Inc.*, 436 F. Supp. 2d 343, 345 n.3 (D.R.I. 2006) (similar); *Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1262 n.8 (M.D. Ala. 2002) (similar); *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 999–1000 (S.D. Iowa 2001) (similar); *Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988).

grounds for removal" means that a removing defendant must explain the absence of any non-removing defendant.  Under most circumstances, courts require some explanation for why a co-defendant has not joined in or consented to removal.  *See, e.g.*, CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (Rev. 4th ed. 2023).  But courts' approaches vary, often depending on which exception to the rule of unanimity the removing defendant invokes.

To highlight the varying approaches, the Court will discuss a few examples.  Because there is no clear rule for whether a removing defendant needs to explain the lack of consent of a non-removing defendant that falls within the unserved defendant exception to the rule of unanimity, the Court will address examples that fall under each of the exceptions.  Ultimately, however, the Court need not decide whether any one of the following examples provides the proper approach in this case because whatever the requirement, Dollar Tree satisfied it here.

Begin with *Jernigan v. Ashland Oil Inc.*, a case in which the Fifth Circuit addressed the improper joinder exception.  The question was whether a removing defendant was required to explain why a non-removing defendant, who the plaintiff allegedly improperly joined, did not consent to removal.  989 F.2d 812, 813–15 (5th Cir. 1993) (per curiam).  Arguing, among other things, that the removing defendant "failed to explain" the non-removing defendant's "lack of [] consent" to removal, the plaintiff moved to remand the case.  *Id.* at 815.  The Fifth Circuit ruled against the plaintiff.  While there is no clear indication what the removing defendant alleged,[24] the Fifth Circuit explained that the removing defendant's removal notice "ma[de] clear that it [took] the position that no other proper defendant exist[ed]."  *Id.*  The court went further: "if there is no need to obtain the consent of the improperly . . . joined defendants, *it follows that the*

---

[24] The Fifth Circuit did not quote specific language from the removal notice and an electronic docket from the district court case is unavailable.

*defendant need not explain the absence of consent*." *Id.* (emphasis added). *Jernigan* thus says that a removing defendant need not explain the lack of consent of an allegedly improperly joined non-removing defendant.

Some district courts in the Fifth Circuit have taken different approaches when confronted with the nominal party exception to the rule of unanimity. Take, for example, *Breitling v. LNV Corp.*, a case predicated on federal question jurisdiction. 86 F. Supp. 3d 564, 567–77 (N.D. Tex. 2005). The removing defendant argued it did not need to obtain (or explain the absence of) the consent of a non-removing defendant. *Id.* at 568, 571. The court recognized the rule from *Jernigan*, but concluded that *Breitling* presented the nominal party exception, not the improper joinder exception, and distinguished *Jernigan* on that basis. *Id.* at 570–72 (citing *Jernigan*, 989 F.2d at 815).

The *Breitling* court reasoned that its "doubt as to the propriety of removal should be resolved in favor of remand." *Id.* at 569, 572, 576. Rather than liberally construe the removal notice as referencing the nominal party doctrine—which the court said it could have done because the nominal party "test [is] substantially similar to the test for improper joinder"—it held that the removing defendant failed to adequately explain the non-removing defendant's lack of consent. *Id.* at 572. The court added that "the absence of any reference to the applicable doctrine to excuse lack of consent may not be said to meet the requirement that 'the notice of removal must affirmatively explain why consent of those defendants was unnecessary.'"[25] *Id.*

---

[25] Another example. *Chavez v. Goodyear Tire & Rubber Co.* followed *Breitling*. Civ. A. No. 4:17-CV-00714-ALM, 2018 WL 501092, at *1–4 (E.D. Tex. Jan. 22, 2018). As in *Breitling*, the *Chavez* court held that because the removing defendant did not invoke the nominal party doctrine in its removal notice, it "failed to satisfy its burden to affirmatively explain why [the non-removing -defendant's] consent [was] unnecessary." *Id.* (cleaned up). And again as in *Breitling*, the court concluded that its chosen approach accorded with the command that courts "resolve[] any doubt about the propriety of removal in favor of remand." *Id.*

(quoting *Alford v. Chevron U.S.A. Inc.*, No. CIV.A 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014)).

At its narrowest, *Breitling* could be read to say that when a case is removed under federal question jurisdiction and the removing defendant alleges a non-removing defendant is a nominal party, it must explain the non-removing defendant's lack of consent. At its broadest, *Breitling* could be read to say that any removal circumstance not covered by *Jernigan* requires the removing defendant to explain a non-removing defendant's lack of consent.

Meanwhile, in *Guthrie v. Plains Resources Inc.*, the Western District of Louisiana applied *Jernigan*'s statement—that there is no need to "explain the absence of consent" of an improperly joined defendant—to a context more analogous to this case. Civ. A. No. 2:12-CV-1904, 2012 WL 12929910, at *8 (W.D. La. Nov. 27, 2012), *aff'd*, No. 2:12-CV-1904-PM-KK, 2013 WL 486639 (W.D. La. Feb. 5, 2013). In *Guthrie*, the plaintiffs argued that remand was required because the removing defendants failed to explain why the unserved co-defendants did not join in or consent to removal. *Guthrie*, 2012 WL 12929910, at *8. The court disagreed. It concluded that § 1446(a)'s "short and plain statement" requirement mandates only that a removing defendant allege that "properly joined and *served* [co-defendants] have consented to removal of the action," and nothing more *Id.* (emphasis added). The court further reasoned that *Jernigan* applied equally "to improperly joined defendants and non-served defendants." *Id.* (emphasis removed).

The District of Montana aimed to draw a throughline connecting various approaches. *Mitchell v. Paws Up Ranch, LLC*, 597 F. Supp. 2d 1132 (D. Mont. 2009). The court posited that "[t]he requirement that a removing defendant explain affirmatively the absence of non-joining defendants serves the purpose of giving the plaintiff notice regarding his obligations pertaining

to service of process." *Id.* at 1137.  For example, if a co-defendant had been served but planned to challenge the effectiveness of that service of process, the removing defendant would need to explain the co-defendant's lack of consent—such explanation would provide the plaintiff notice of the co-defendant's challenge.  *See id.* at 1136–39.  But with respect to unserved defendants, the court said, requiring a removing defendant to explain that a co-defendant had not yet been served would be "a merely perfunctory obligation" and would be telling the plaintiff what it "already knows." *Id.* at 1139.

These examples are merely a sampling of the varied circumstances courts have faced and approaches courts have taken to the requirement (or lack thereof) that a removing defendant explain a non-removing defendant's absence from the removal notice and lack of consent to removal.[26]  *Mitchell*'s understanding that the requirement to explain the lack of unanimous consent hinges on whether the plaintiff requires notice is compelling.  That reasoning, however, may not comport with *Jernigan*—a case binding on the Court—because a plaintiff would arguably require notice of an improper joinder challenge.  In any event, the Court need not decide whether the law imposed on Dollar Tree a requirement to explain Awesome Products's lack of consent.[27]  As the Court will explain, assuming there is such an explanation requirement, Dollar Tree provided an adequate one.

---

[26] Cases, approaches, and circumstances abound.  *See, e.g.*, *Alford*, 2014 WL 37600, at *6 (holding that defendant's removal notice was defective because defendant "offered no explanation for its failure to obtain [a non-removing defendant's] consent"); *Cain v. Dennis*, No. CIV.WMN-09-756, 2009 WL 2602344, at *1 (D. Md. Aug. 20, 2009) (similar); *Johnson v. Nutrex Rsch., Inc.*, 429 F. Supp. 2d 723, 727 (D. Md. 2006) (similar); *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1267–68 (D. Or. 2001); *Med Prod. U.S.A., Inc. v. Fu Luong Traffic Parts Co.*, No. CIV.A.1:94CV130-D-D, 1994 WL 1890935, at *2 (N.D. Miss. Dec. 1, 1994) ("Considering that the defendants carry the burden of proof to establish the propriety of removal, the failure to give an explanation at that time as to why all of the defendants did not join in the petition makes the removal petition sufficiently defective to require remand.").

[27] The Court does note, however, that as a general matter, it agrees that a removing defendant must explain why a non-removing defendant has not joined in or consented to removal.  The requirement to explain the absence of consent follows from § 1446(a)'s short and plain statement requirement as well

### b.  The Adequacy of an Explanation

Courts construe removal notices so "as to do substantial justice." *Rachel v. Georgia*, 342 F.2d 336, 340 (5th Cir. 1965).  Indeed, the Fifth Circuit has explicitly stated that "28 U.S.C. § 1446(a) requires that the notice of removal provide a short and plain statement of the grounds for removal, which shall be so construed as to do substantial justice." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quotations omitted).  This means that while a removing defendant is required to "adequately inform the plaintiff of the grounds for removal," a detailed statement is unnecessary.  *Id.* at 1045–46.

Sometimes too a statement that is not only lacking in detail but is also not entirely accurate may suffice as an adequate explanation.  For example, in *Lewis v. Rego Co.*, the Third Circuit addressed whether the removing defendant's following statement constituted an adequate explanation of the non-removing defendant's lack of consent: "[N]o entry of appearance has yet been made on behalf of [the non-removing defendant]."  757 F.2d 66, 68 (3d Cir. 1985).  The plaintiff sought remand, "argu[ing] that the removal petition was defective on its face because it did not allege that [the non-removing defendant] had not been served in the state proceeding." *Id.* at 68.  The Third Circuit, however, "conclude[d] that while it would have been preferable to have alleged non-service, the language of the petition was sufficient to bring it within the non-service exception" to the rule of unanimity.  *Id.* at 69.

A removing defendant's explanation might also be found by looking beyond the four corners of the removal notice to the record.  Take, for example, *Northern Illinois Gas Co. v.*

---

as the rule of unanimity because the lack of a non-removing defendant's consent could destroy the "grounds for removal."  *See* 28 U.S.C. § 1446(a), 1446(b)(2)(A); *see also Mitchell*, 597 F. Supp. 2d at 1135–36 (concluding same); *Gianelli v. Schoenfeld*, No. 2:21-CV-0477-JAM-KJN PS, 2021 WL 2106365, at *3 (E.D. Cal. May 25, 2021) (following *Mitchell*), *report and recommendation adopted*, No. 2:21-CV-0477-JAM-KJN PS, 2021 WL 2662044 (E.D. Cal. June 29, 2021).  *But see Jernigan*, 989 F.2d at 813–15.

*Airco Industrial Gases, a Division of Airco, Inc.*, 676 F.2d 270 (7th Cir. 1982). *Northern Illinois Gas* was a multi-defendant case; one defendant removed, another did not. *Id.* at 272. The removing defendant "did not attempt to explain the reason for the [non-removing defendant's] lack of joinder or consent." *Id.* The plaintiff moved for remand, arguing, among other things, that the notice of removal "was defective for its failure to allege the nominal party status of the [non-removing defendant]." *Id.* But the Seventh Circuit identified an exhibit attached to the plaintiff's verified complaint, which the removing defendant filed with its removal notice. The exhibit was a letter in which the non-removing defendant stated that it was "not a necessary party." *Id.* (quotation omitted). The Seventh Circuit held that the exhibit in "the state court record, attached to the [removal notice], contained the necessary factual information regarding the [non-removing defendant's] nominal party status." *Id.* at 274. In other words, "[t]he record plainly disclosed the reason for the [non-removing defendant's] failure to join in the removal petition." *Id.*

Return to this case. Dollar Tree alleged in its Removal Notice that Awesome Products "ha[d] not answered or otherwise appeared in this lawsuit" at the time of removal. Removal Notice at 4. That's not all though. Dollar Tree also attached a supplemental civil cover sheet to its Removal Notice in which it identified Awesome Products as an unserved party "at the time this case was removed."[28] Suppl. Civil Cover Sheet, ECF No. 1-2, at 2.

Dollar Tree's explanation in its Removal Notice is nearly identical to the statement the Third Circuit found to be adequate in *Lewis*. *Compare* Removal Notice at 4 ("Awesome Products[] has not answered or otherwise appeared in this lawsuit."), *with Lewis*, 757 F.2d at 68

---

[28] Courts can examine civil cover sheets for information about the case. *E.g.*, *Miller v. Fikes Wholesale, Inc.*, No. 6:18-CV-00145-RP-JCM, 2018 WL 9362306, at *2 (W.D. Tex. Aug. 6, 2018); *Feldmann v. Wisconsin*, No. EP-14-CV-364-PRM, 2014 WL 10179243, at *1 (W.D. Tex. Oct. 7, 2014).

("[N]o entry of appearance has yet been made on behalf of [the non-removing defendant].").
While it would have been better practice for Dollar Tree to affirmatively allege that Awesome
Products had not been served at the time of removal, Dollar Tree did put that information in its
Supplemental Civil Cover Sheet. *See* Suppl. Civil Cover Sheet at 2. Like the Seventh Circuit in
*Northern Illinois Gas*, this Court looks beyond the four corners of Dollar Tree's Removal
Notice—not doing so would be overly formalistic. *Cf. N. Ill. Gas*, 676 F.2d at 272–74. With
Dollar Tree's explanation in its Removal Notice and its Supplemental Civil Cover Sheet
combined, the Court concludes that Dollar Tree adequately explained Awesome Products's
absence from the Removal Notice and lack of consent to removal.

This holding strikes the appropriate balance between the federalism concerns, Dollar
Tree's statutory right to removal, and the general command that courts construe removal notices
so as to do justice.

### III.   CONCLUSION

The Court **DENIES** Plaintiff Andreas Langer's "Motion to Remand" (ECF No. 6).

The Court further **ORDERS**:

(1) Defendants Dollar Tree Distribution, Inc. and Dollar Tree Stores, Inc. to file an amended removal notice addressing the jurisdictional deficiencies the Court identified in this Memorandum Opinion and Order by **August 15, 2023**;

(2) Plaintiff Andres Langer to replead in accordance with this Order and the Court's "Standing Order to Replead in Removal Cases" (ECF No. 5) by **August 22, 2023** (This Order supplants the scheduling in the Standing Order, which would ordinarily make Plaintiff's deadline run from the date of this Order.); and

(3) Defendants Dollar Tree Distribution, Inc., Dollar Tree Stores, Inc. and Awesome Products, Inc. to answer or otherwise respond to Plaintiff's repleaded complaint by **September 12, 2023**.

So ORDERED and SIGNED this 2nd day of August 2023.

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**