IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANDREAS LANGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:23-CV-00189-DCG |
| | § | |
| DOLLAR TREE DISTRIBUTION, INC., | § | |
| DOLLAR TREE STORES, INC., and | § | |
| AWESOME PRODUCTS, INC. a/k/a | § | |
| LA'S TOTALLY AWESOME PRODUCTS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ANDREAS LANGER, (hereinafter referred to as "Plaintiff") complaining of DOLLAR TREE DISTRIBUTION, INC. (hereinafter referred to as "Defendant of D.T. DISTRIBUTION"), DOLLAR TREE STORES, INC. (hereinafter referred to as "Defendant D.T. STORES") (collectively referred to as "Dollar Tree Defendants"), and AWESOME PRODUCTS, INC. a/k/a LA'S TOTALLY AWESOME PRODUCTS (hereinafter referred to as "Defendant AWESOME PRODUCTS"), and for a cause of action would respectfully show the Court as follows:

### I. PARTIES

1.   Plaintiff is a citizen and resident of El Paso, Texas. Plaintiff's last three numbers of his Social Security Number are 204.

2.   Defendant DOLLAR TREE DISTRIBUTION, INC. is a Virginia Corporation doing business in the State of Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY DBA CSC – LAWYERS INCO at 211 E. 7th St., Suite

620, Austin, TX 78701 and/or wherever may be found. Defendant DOLLAR TREE DISTRIBUTION, INC. has appeared in the state court suit and no further service of process is necessary.

3. Defendant DOLLAR TREE STORES, INC. is a Virginia Corporation doing business in the State of Texas and may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY DBA CSC – LAWYERS INCO at 211 E. 7th St., Suite 620, Austin, TX 78701 and/or wherever may be found. Defendant DOLLAR TREE STORES, INC. has appeared in the state court suit and no further service of process is necessary.

4. Defendant AWESOME PRODUCTS, INC. a/k/a LA'S TOTALLY AWESOME PRODUCTS is a California Corporation doing business in the State of Texas and may be served with process by serving the Secretary of the State of Texas, Austin, as registered agent for service of process on such non-resident. Defendant AWESOME PRODUCTS has not designated or maintained an agent for service of process of Texas. Upon information and belief, Defendant AWESOME PRODUCTS does not maintain a regular place of business in Texas. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, 1019 Brazos, Travis County, Texas, who shall then forward a copy of this Complaint upon Defendant Awesome Products, Inc., CEO Loksarang D. Hardas at 6370 Altura Blvd., Buena Park, CA 90620-1001 and/or wherever may be found. Defendant AWESOME PRODUCTS has been served, answered and no further service of process is necessary.

## II. STATEMENT OF FACTS

5. The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about on or about May 14, 2021 in El Paso, Texas.

6. Plaintiff was delivering a load to Defendant DOLLAR TREE STORES (Store

#2703) which had been pre-loaded by Defendant DOLLAR TREE DISTRIBUTION.

7. At such time and place, the trailer was overly and improperly loaded.

8. While unloading the trailer, the overloaded and improperly loaded items collapsed on Plaintiff knocking him to the ground.

9. In addition, on or about March 25, 2022, in Anthony, El Paso County, Texas, Plaintiff was delivering another load to Defendant DOLLAR TREE STORES (Store # 4694), which had been pre-loaded by Defendant DOLLAR TREE DISTRIBUTION.

10. At such time and place, the trailer was overly and improperly loaded.

11. When Plaintiff attempted to retrieve a box placed at the top of the load, another box containing broken containers of a chemical liquid substance called LA's Totally Awesome All Purpose Concentrated Cleaner spilled over Plaintiff's body causing burns, blistering and swelling to his eyes, face, hands, arms, chest, and other parts of his body.

12. Upon information and belief, said package with the containers of LA's Totally Awesome All Purpose Concentrated Cleaner was previously packed, controlled, handled, and under the care of Defendant AWESOME PRODUCTS, INC.

13. Upon information and belief Defendant AWESOME PRODUCTS, INC. failed to properly package and handle said containers and packages.

14. As a result of Defendants' negligence, Plaintiff suffered substantial physical injuries to Plaintiff.

### III. NEGLIGENCE OF DOLLAR TREE DEFENDANTS

15. Plaintiff would show that the damages and injuries were caused by the negligence of Dollar Tree Defendants, their employees, agents, and representatives.

16. Plaintiff would also show that Dollar Tree Defendants owed a duty to Plaintiff,

breached that duty, and that such breach was a proximate cause of the injuries and resulting damages to Plaintiff. Dollar Tree Defendants, their agents, representatives, and employees were negligent by breaching their duty to Plaintiff.

17. Plaintiff alleges that the occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Dollar Tree Defendants:

 a. Negligent hiring of persons with inadequate qualifications, training, and safety experience.
 b. Failure to supervise.
 c. Failure to train, educate, test, and instruct its employees.
 d. Failure to furnish its employees with adequate, necessary, and suitable tools, appliances, and equipment.
 e. Failure to establish and enforce safety rules and regulations.
 f. Failure to warn Plaintiff of the dangers.
 g. Failure to inspect the loads in question.
 h. Negligent loading and securing of the trailers loads.
 i. Failure to properly load packages.
 j. Failure to ensure cargo was firmly immobilized or secured within the trailer;
 k. Failure to use due care in packaging, handling, and loading the items.
 l. Failure to properly handle and care for the boxes.
 m. Failure to correct or warn of dangerous conditions which Defendants knew of, or in the use of ordinary care should have known.
 n. Failure to establish and enforce safety rules and regulations for the handling, packaging, and loading of boxes and/or packages containing hazardous chemicals.
 o. Failure to properly educate, instruct and supervise its employees in the performance of their duties.
 p. Failing to provide proper safety manuals and instructions to employees responsible for safety.
 q. Negligently overloading the trailers;
 r. Other negligence to be discovered in the course of litigation.

18. One or more of the foregoing acts or omissions of Dollar Tree Defendants constituted negligence, which negligence was a proximate cause of the injuries and damages to Plaintiff.

**IV. NEGLIGENCE OF DEFENDANT AWESOME PRODUCTS, INC.**

19. Plaintiff would show that the damages and injuries were caused by the negligence

of Defendant AWESOME PRODUCTS, INC., their employees, agents, and representatives.

20.     Plaintiff would also show that Defendant AWESOME PRODUCTS owed a duty to Plaintiff, breached that duty, and that such breach was a proximate cause of the injuries and resulting damages to Plaintiff. Defendant AWESOME PRODUCTS, their agents, representatives, and employees were negligent by breaching their duty to Plaintiff.

21.     Plaintiff alleges that the occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant AWESOME PRODUCTS:

   a. Failure to warn potential handlers of the packaging of the hazards of its product.
   b. Failure to issue adequate warnings on the packaging of its product.
   c. Negligent use of defective packaging.
   d. Negligently releasing its product with broken packaging.
   e. Failure to establish and enforce safety rules and regulations.
   f. Failure to warn Plaintiff of the dangers.
   g. Failure to inspect the package in question.
   h. Negligent securing of the package in question.
   i. Failure to properly load packages.
   j. Failure to use due care in packaging, handling, and loading the items.
   k. Failure to properly handle and care for the boxes.
   l. Other negligence to be discovered in the course of litigation.

22.     One or more of the foregoing acts or omissions of Defendant AWESOME PRODUCTS constituted negligence, which negligence was a proximate cause of the injuries and damages to Plaintiff.

## V. DAMAGES

23.     As a direct result of the negligence of Defendants, Plaintiff suffered bodily injuries. Plaintiff has incurred expenses for medical care, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services.

24.     Plaintiff will require further medical care and attention and will necessarily incur

reasonable expenses in the future for such medical needs.

25. As a direct result of the negligence of Defendants, Plaintiff was prevented from working and has lost wage earning capacity in the past and in the future.

26. Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

27. Plaintiff has suffered pain and suffering in the past, and Plaintiff will continue to suffer pain and suffering in the future.

28. Plaintiff has suffered mental pain and anguish in the past, and Plaintiff will continue to suffer mental pain and anguish in the future.

29. Plaintiff has suffered in the past, and will continue to suffer in the future, impairment to his body.

30. Plaintiff has suffered in the past, and will continue to suffer in the future, disfigurement.

31. In addition, discovery has not yet begun and the extent of Plaintiff's future damages are still being determined.

32. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount over $1,000,000.00.

## VI. JURY REQUEST

33. Plaintiff respectfully requests a trial by jury of the issues in this case.

## VII. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and

for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled.

          Respectfully submitted,

**MENDEZ, ISAAC, & JOUDI, PLLC**
Attorneys for Plaintiffs
320 Texas Ave., Suite 300
El Paso, Texas 79901
(915) 444-1000 voice
(915) 209-7200 facsimile
Blopez@mijlawfirm.com

*/s/ Brittany Lopez*_____
**BRITTANY LOPEZ**
State Bar No. 24102110

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Zach T. Mayer - zmayer@mayerllp.com
Robin R. Gant - rgant@mayerllp.com
Brandon R. Clem - bclem@mayerllp.com
**Mayer, LLP**
750 N. Saint Paul St., Suite 700
Dallas, TX 75201
214-379-6900
214-379-6939 Fax
Attorneys for Defendants
Dollar Tree Distribution, Inc. and
Dollar Tree Stores, Inc.

Christopher C. Ege – cege@grsm.com
Travis B. Weaver – tweaver@grsm.com
**Gordon Rees Scully Mansukhani, LLP**
2705 Bee Caves Road, Suite 220
Austin, TX 78746
512-582-6493
Attorneys for Defendant
Awesome Products, Inc., a/k/a
LA's Totally Awesome Products

*/s/ Brittany Lopez*_____
**BRITTANY LOPEZ**